**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WILMAR CAISEDO-PORTOCARRERO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN FCI FORT DIX,**<br><br>**Respondent.** | **Civil Action No. 26-1515 (RK)**<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on Petitioner Wilmar Caisedo-Portocarrero's habeas petition and Motion for a Temporary Restraining Order ("TRO Motion"), which he brings pursuant to 28 U.S.C. § 2241. He has also filed a Motion to Expedite this proceeding. (ECF Nos. 1-2.) Petitioner is a convicted federal prisoner confined at Fort Dix FCI and has paid the filing fee. For the reasons explained below, the Court declines to dismiss the habeas petition prior to the answer but denies his TRO Motion. The Court grants the Motion to Expedite to the extent Petitioner asks the Court to set a briefing schedule and otherwise denies that motion.

Petitioner is a convicted federal prisoner currently serving his criminal sentence at FCI Fort Dix and alleges that he was paroled into the United States on or about October 27, 2019, for criminal prosecution; on January 11, 2026, while Petitioner was serving his criminal sentence at FCI Fort Dix, DHS allegedly issued an order of expedited removal pursuant to Form I-860. (ECF No. 1 at 9-10.) Petitioner challenges the issuance of the expedited order of removal on a number of grounds. (*See* Petition at 11-31.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing

Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

A TRO or preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). To obtain a TRO or preliminary injunctive relief, a petitioner must typically demonstrate (1) that he is reasonably likely to prevail eventually in the litigation and (2) that he is likely to suffer irreparable injury without relief. If these two threshold showings are made, the District Court then considers, to the extent relevant, (3) whether an injunction would harm respondents more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (citing *A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

The Court declines to dismiss the Petition under Rule 4 prior to the answer but denies the TRO Motion because Petitioner has not shown that he is reasonably likely to prevail in this litigation. He contends that he is not eligible for expedited removal and asks the Court to "[d]eclare that Form I-860, Notice and Order of Expedited Removal . . . issued on January 11, 2026, is void ab initio and of no legal effect, having been issued without statutory authority in violation of the two-year continuous physical presence bar codified at 8 U.S.C. § 1225(b)(1)(A)(iii)(II)." He contends that the issuance of the expedited removal order violates federal law and asks the Court to grant a stay of removal. (ECF No. 1, Petition at 31-35.) However, 8 U.S.C. § 1252(e)(2) sets forth strict limits on what claims a noncitizen subject to expedited removal may present in federal

habeas corpus proceedings. Petitioner's claims for a temporary restraining order is denied without prejudice because he has not shown that this Court has jurisdiction to grant the relief he seeks. Because it is unclear whether the Court has jurisdiction over his claims and because he is serving a federal sentence until September 19, 2027, the Court also declines to enter a stay of removal during this proceeding.

For the reasons explained in this Memorandum and Order, the TRO Motion is denied and the Motion to Expedite is granted to the extent Petitioner asks the Court to set a briefing schedule. The Motion to Expedite is otherwise denied.

**IT IS, THEREFORE**, on this 19th day of October 2026,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the TRO Motion (ECF No. 1) is DENIED for the reasons stated herein; and it is further

**ORDERED** that the Motion to Expedite (ECF No. 2) is GRANTED to the extent Petitioner asks the Court to set a briefing schedule and is otherwise DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within 30 days, Respondent shall electronically file a full and complete answer that responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that Petitioner may submit a reply in support of the Petition within 30 days after he receives the Answer; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a copy of this Order by regular mail.

ROBERT KIRSCH
United States District Judge